**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RUCHADD BIVINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00044** |
| | ) | |
| **META PLATFORMS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

RuChadd Bivins, a resident of Jackson, Tennessee proceeding pro se, has filed an Amended Complaint (Doc. No. 8) against Meta Platforms, Inc. and X Corp., invoking this Court's diversity jurisdiction. Plaintiff has also filed an updated application for leave to proceed in forma pauperis (IFP). (Doc. No. 9).

## I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application sufficiently demonstrates that, with roughly one thousand dollars' difference between his gross monthly income and his monthly expenses, and with insufficient funds on account at the time of filing, he is not able to pay the $405 filing fee in advance "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 9) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. Legal Standard

The Court must conduct an initial review and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Amended Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," Small v. Brock, 963 F.3d 539, 540 (6th Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

B. Analysis of the Amended Complaint

According to the Amended Complaint, Plaintiff is "seeking damages for injury to reputation" and for "loss of employment[] and earning capacity" due to Defendants' "continued publication of Plaintiff's arrest" on the internet, "although the charge was dismissed and expunged." (Doc. No. 8 at 5). Plaintiff states that he "has suffered threats, harm, lack of enjoyment of life, and due process [deprivation]" because of the continued publication of his arrest record after dismissal and expungement of his criminal charge. (Id.). The Amended Complaint, like the original Complaint, invokes the Court's diversity jurisdiction (see Doc. No. 8 at 3), and the Court

therefore liberally construes it to continue to claim a right to relief under the state law of defamation, invasion of privacy, and negligence based on Defendants' continued publication of Plaintiff's mugshot to the online platforms they maintain. (Cf. Doc. No. 1 at 2–3). Those online platforms include Facebook, Instagram, Twitter/X, and xAI. (See id. at 1; Doc. No. 8 at 4).

In a prior Order, the Court observed that the original Complaint suffered from an apparent jurisdictional problem, since "diversity jurisdiction under 28 U.S.C. § 1332 … requires 'complete diversity' between Plaintiff and every Defendant," and one of the original three defendants, Scoop Nashville, was, like Plaintiff, a Tennessee resident. (Doc. No. 7 at 2–3) (citing Safeco Ins. Co. of Am. v. City of White House, Tenn., 36 F.3d 540, 545 (6th Cir. 1994)). In the Amended Complaint, Plaintiff cured the jurisdictional defect by removing Scoop Nashville as a Defendant. However, with the removal of Scoop Nashville, this lawsuit no longer appears to have any connection to this judicial district. An issue of the propriety of venue is therefore presented.

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). When Scoop Nashville was a defendant, venue was pled under Section 1391(b)(2), "as a substantial part of the events occurred here." (Doc. No. 1 at 2). But, as explained below, it now appears that the only Tennessee district where the events or omissions giving rise to Plaintiff's claims can be said to have occurred is the district of Plaintiff's residence, the Western District of Tennessee.

"The legally relevant 'occurrence' in a defamation action is where the publication occurred, i.e. where third persons were exposed to the material that would tend to damage the plaintiff's reputation." Seidel v. Kirby, 296 F. Supp. 3d 745, 753 (D. Md. 2017); see also, e.g., Trump v. New York Times Co., 838 F. Supp. 3d 1181, 1189 (M.D. Fla. 2026) ("Because publication directly results in a claim for defamation, venue is proper in a district in which substantial publication occurred, particularly if the plaintiff suffered injury there."). The court in Seidel explained as follows:

> This rule, that an act of defamation "occurs" where it is publicized such that it may harm a plaintiff's reputation, is of little help when the publication is effectively world-wide. *See Capital Corp Merchant Banking, Inc. v. Corp. Colocation, Inc.*, No. 6:07-CV-1626-ORL-19KRS, 2008 WL 4058014 *3 (M.D. Fla. Aug. 27, 2008) ("[B]ecause the harm from an online defamatory statement can occur in any place where the website or forum is viewed, no one forum should be expected to stand out as a particularly strong candidate for venue."). It would seem that, in the context of defamation publicized over the Internet, such a rule would make venue proper in any district in the United States. The venue statute, however, does not authorize venue in any district where *any* events that gave rise to the action occurred, but rather where a *substantial part* of those actions occurred. Therefore, while it may not always be the case, the district in which a plaintiff resides is often going to be where the substantial part of the *harmful* publication occurred, i.e. where people are exposed to the material who may actually know the plaintiff or interact with him in a way that could be affected by the information. The Court therefore agrees with other courts that have held that "venue under section 1391(a)(2) is proper in the district where the injured party resides and the defamatory statements were published." *Id.* (citing cases); *see also Chambers v. Chambers*, Civ. No. RWT-11-765, 2011 WL 3512140 *6 (D. Md. Aug. 8, 2011) ("Plaintiff's injury is likely to be felt in Maryland. Therefore, a substantial part of the events that give rise to Plaintiff's claims occurred within this Court's jurisdiction."); *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) (citing 14D Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3806 (4th ed.)); *Wieland v. John Rigby & Co.*, Inc., No. 4:09CV2100 JCH, 2010 WL 1528527 *1 (E.D. Mo. April 15, 2010) (finding that online defamatory statements "occurred" in the district because the website was accessible in that district and plaintiff resided there and was therefore harmed there).

Id. (emphases in original). In the case at bar, Plaintiff claims injury to reputation, loss of employment, and loss of earning capacity, as well as threats and loss of enjoyment of life—all of

which would appear to have been suffered by Plaintiff in the district where he resides, which at all times during the life of this lawsuit has been the Western District of Tennessee. See 28 U.S.C. § 123(c)(1) (stating that Madison County, where Jackson, Tennessee is located, sits in the Eastern Division of the Western District).

Under Section 1391(b)(1), venue may also be proper in a district where Defendants reside, and the statute states that a defendant corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). But even assuming that jurisdiction over both Defendants—and thus venue—is proper in this district with respect to this action, the Court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 60 (2013).

"As to the convenience of the parties, this Court should consider the parties' respective residences and their ability to bear the costs of litigating in a particular forum." Forcillo v. LeMond Fitness, Inc., 220 F.R.D. 550, 553 (S.D. Ill. 2004). As explained above, the Western District of Tennessee is the forum of the indigent Plaintiff's residence. It would also appear to be the forum most convenient for any witnesses who might testify to his claimed injuries. Although Plaintiff chose to pursue his Amended Complaint in this district, that choice "weighs minimally" because "the cause of action has little connection with the chosen forum[.]" Tanyike v. United States, 603 F. Supp. 3d 572, 581 (S.D. Ohio 2022) (citation and internal quotation marks omitted). Meanwhile, Defendants Meta Platforms, Inc. and X Corp.—both multi-billion-dollar corporations—are clearly able to bear the costs of litigating in the Western District. Accordingly, in the interest of justice, this case will be transferred pursuant to 28 U.S.C. § 1404(a).

## III. CONCLUSION

For the reasons discussed above, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division. 28 U.S.C. § 1404(a). All future filings in this matter must be directed to the Western District.

This Court's file in this matter is closed.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE